# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1616

_____

Wesley McConnell,      *
       *
     Appellant,      *    Appeal from the United States
       *    District Court for the District
   v.      *    of South Dakota.
       *
Pioneer Hi-Bred International, Inc.,      *      [PUBLISHED]
       *
     Appellee.      *

_____

Submitted: May 16, 2001

Filed: August 15, 2001

_____

Before LOKEN, JOHN R. GIBSON, and FAGG, Circuit Judges.

_____

PER CURIAM.

Wesley McConnell worked for Pioneer Hi-Bred International, Inc., as a district sales manager. After Pioneer fired McConnell for poor performance, McConnell brought this action against Pioneer alleging discrimination based on his mental disability (bipolar disorder), wrongful termination, and intentional infliction of emotional distress. The district court[*] granted summary judgment in Pioneer's favor, finding McConnell failed to show he was disabled or regarded as disabled, Pioneer

_____

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

gave a nondiscriminatory reason for firing him, and McConnell failed to submit evidence of conduct or statements inferring that disability discrimination was the motivating factor in Pioneer's decision to dismiss him. The district court also concluded the facts did not support actions for wrongful termination or intentional infliction of emotional distress. On appeal, McConnell argues he is entitled to a jury trial. Having carefully reviewed the record, we conclude the district court properly viewed the facts in the light most favorable to McConnell and correctly concluded Pioneer was entitled to judgment as a matter of law. Assuming McConnell established a prima facie case of disability discrimination, we agree with the district court that McConnell failed to present evidence from which a reasonable jury could conclude Pioneer's stated reason for firing McConnell was a pretext for disability discrimination. We thus affirm for the reasons stated in the district court's memorandum opinion. See 8th Cir. R. 47B.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent.

Assuming, as the court does, that McConnell was disabled, I believe that McConnell has created a material issue of fact as to pretext. The reasons Pioneer gave for firing him were (with some variation) that he did not communicate with other Pioneer employees normally, that he sent his sales representatives inappropriate motivational material, and that he did not coach his sales representatives. McConnell presented affidavits from other Pioneer employees that contradict those assertions. Four men who had worked as sales representatives for McConnell stated that his coaching was fine, that they appreciated the motivational materials he sent, and that his personal style was "seldom, if ever, abrasive." A former field sales manager who supervised McConnell stated that McConnell handled his duties very well. One of the key incidents cited by Michael Davis, Pioneer's area sales manager, to justify the firing was a meeting in which McConnell ridiculed another Pioneer employee. That very same employee described McConnell in his deposition as "one of the most admirable,

dedicated individuals that I've ever encountered in my lifetime, and going back to those influential people that I was exposed to in my college or athletic career. Very motivational with good qualities, not intimidating or dominating qualities."

This is evidence that the reasons Pioneer gave for firing McConnell were not only false, but contrived. I believe this case falls within the broad pattern of cases in which a jury could infer that the use of a pretext proves the fact of discrimination. See Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2109, 2112 (2000) (Opinion of the Court and Ginsburg, J., concurring). This is simply not the kind of case that should be disposed of by summary judgment.

Therefore, I respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.